IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON P. NOWICKI,

    Plaintiff,

v.                                                                     Civ. No. 20-0045 KG-SMV

FNU ROYBAL, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Prisoner Civil Rights Complaint. (Doc. 1) (Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He alleges two fellow inmates attacked him at the Guadalupe County Correctional Facility (GCCF). (Doc. 1) at 3. Plaintiff was hospitalized for over thirty days with a broken jaw, punctured ear drum, and several broken facial bones. *Id.* Plaintiff allegedly approached GCCF Case Worker Roybal three times before the attack to request a transfer to a different housing unit. *Id.* It appears Plaintiff informed Roybal that two inmates had threatened his life. *Id.* Roybal denied the transfer. *Id.* Plaintiff alleges the attack is traceable to a lack of security, understaffing, and poor training by prison operator GEO Group, Inc. (GEO) and the New Mexico Corrections Department (NMCD). *Id.* at 3-5. The Complaint raises claims under 42 U.S.C. § 1983, which is the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). The Complaint lists four named Defendants: Roybal, GEO, NMCD, and New Mexico Secretary of Corrections Alisha Tafoya Lucero.

Having reviewed the matter pursuant to 28 U.S.C. § 1915(e), the Court finds Plaintiff's

Section 1983 claims against Roybal and GEO survive screening. The Court will direct those Defendants to answer the Complaint. The Court will also refer this case to Hon. Stephan Vidmar for a *Martinez* investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A Martinez report is "a court-authorized investigation and report" aimed at ferreting out the "factual or legal bases for [the] claims."). The *Martinez* report is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment. *See Hall v. Bellmon,* 935 F.2d 1106, 1111 (10th Cir. 1991) ("A *Martinez* report is treated like an affidavit" and plaintiff may present conflicting evidence).

As to NMCD, prisons and jail facilities are not "persons" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Blackburn v. Dep't of Corr.,* 172 F.3d 62 (10th Cir. 1999) (NMCD is "not [a] ... 'person' subject to suit under § 1983"). A similar rule applies to the New Mexico Secretary of Corrections. Sovereign immunity bars Section 1983 claims against "state officials sued in their official capacities for retrospective relief." *Wood v. Milyard*, 414 Fed. App'x 103, 105 (10th Cir. 2011). There is no indication Tafoya-Lucero had any personal involvement in the attack or that Plaintiff seeks prospective/injunctive relief from any Defendant. Hence, the Court will dismiss all Section 1983 damages claims against NMCD and Tafoya-Lucero.[1]

The Amended Complaint finally purports to name John Doe Defendants 1-100. (Doc. 1) at 1. "[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants" so that

---

[1] The Complaint also uses the word negligence. However, the claims appear on the Section 1983 form, and the only legal citations refer to the U.S. Constitution. (Doc. 1) at 3-4. The Court finds there is insufficient information to construe the Complaint to raise a state negligence claim, but nothing in this ruling forecloses later requests for amendment.

the Court can "effectuate service, ... even when the plaintiffs are in prison." *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013). However, courts have also "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). There is no clear answer in the case law on when John Doe defendants must be identified. The Tenth Circuit has affirmed the dismissal of such defendants on screening where the complaint lacked sufficient information to effectuate service. *See Mayfield v. Presbyterian Hospital Administration*, 772 Fed. App'x 680, 686 (10th Cir. 2019). The Tenth Circuit also affirmed the practice of permitting limited discovery and resolving the issue on summary judgment. *See Ellis v. Oliver*, 714 Fed. App'x 847, 850 n. 1 (10th Cir. 2017).

Because of the serious nature of Plaintiff's claims, the Court declines to dismiss any John Doe Defendants at this time. Plaintiff must identify the John Doe Defendants within a reasonable time, and prior to any dispositive ruling on summary judgment. The Court will not take any *sua sponte* action to track down John Doe Defendants. Plaintiff should file a separate motion seeking service on the John Doe Defendants, if and when he identifies them, and/or a separate motion seeking discovery, if necessary. If Plaintiff fails to identify the John Doe Defendants and seek Court-supplied service on those Defendants within a reasonable time, the Court may enter summary judgment dismissing all claims against the John Doe Defendants with prejudice.

IT IS ORDERED:

1. All 42 U.S.C. § 1983 damages claims set forth in the Complaint (Doc. 1) against

Defendants NMCD and Tafoya-Lucero are dismissed with prejudice.

    2. The Clerk's Office shall issue Notice and Waiver of Service Forms, along with a copy of this Order and the Complaint (Doc. 1), to Defendants GEO Group, Inc. and Roybal at the following addresses:

> GEO Group, Inc.,
> One Park Place, Ste. 700
> 621 NW 53rd St.
> Boca Raton, FL 33487
>
> Case Manager Roybal
> Guadalupe County Correctional Facility
> 1039 Agua Negra Road
> Santa Rosa, New Mexico 88435

_____
UNITED STATES DISTRICT JUDGE