# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JASON P. NOWICKI,

      Plaintiff,

v.   No. 2:20-cv-00045-KG-JHR

FNU ROYBAL, NEW MEXICO
DEPARTMENT OF CORRECTIONS,
THE GEO GROUP, INC., JOHN DOES
1–100, and ALISHA TAFOYA LUCERO,

      Defendants.

## ORDER TO SUBMIT A *MARTINEZ* REPORT

In a suit brought by a *pro se* prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report, known as a "*Martinez* report," of the investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *See Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte*. *See id.* at 1109–13; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answers that they wish to pursue. Defendants' report must:

1) include a written brief that discusses Nowicki's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995);

2) state whether records pertaining to the allegations exist;

3) state whether policies or regulations addressing the allegations exist; and

4) include, as attachments, copies of the relevant records, policies, or regulations. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

The *Martinez* report must be filed and served on Nowicki no later than August 9, 2023. Nowicki must file his response or objections to the report no later than September 8, 2023. Defendants must file their reply, if any, no later than September 22, 2023.

The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to Nowicki's claims.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE